FILED
CLERK
2/13/2017 2:12 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
EVERETT BROWN,

          Plaintiff,

   -against-                              **ORDER**
                                               15-CV-4870 (JMA)(AYS)

SHERIFF SPOSATO. et al

          Defendants.
------------------------------------------------------X

**AZRACK, District Judge:**

On August 13, 2015, incarcerated pro se plaintiff Everett Brown ("plaintiff") commenced this action against Sheriff Sposato and Armor Correctional Health, Inc. (together, "defendants") pursuant to 42 U.S.C. § 1983, alleging a deprivation of his constitutional rights.

On January 28, 2016, the Court received a letter from defense counsel advising the Court that plaintiff no longer wishes to prosecute this action. (ECF No. 17.) Attached as an exhibit to the letter submitted to the Court is a letter from plaintiff to defense counsel, postmarked January 22, 2016, in which plaintiff indicates that he wishes to dismiss the action. (ECF No. 17-1.)

On February 5, 2016, the Court issued an Order to plaintiff warning that is plaintiff did not wish to dismiss the current action, he must advise the Court by March 4, 2016 and that failure to do so will result in the case being dismiss. The Court did not receive a response from the plaintiff, and this case was dismissed on March 16, 2016. (ECF No. 19.) The clerk mailed a copy of the order dismissing the case and the judgment to plaintiff, but both documents were returned to the Court as undeliverable on March 21, 2016, and March 23, 2016, respectively. (ECF Nos. 20, 21.)

On June 3, 2016, the plaintiff filed a letter motion requesting that the case be reopened. (ECF No. 24.) This Court granted that request and reopened the case. On June 30, 2016, this

Court issued an order warning Plaintiff that failure to prosecute the case going forward would result in dismissal of his claims with prejudice.

On July 5, 2016, this Court entered an Order granting leave for defendants to file a motion to dismiss and setting a briefing schedule. Defendants' moving papers were to be served by August 15, 2016. Pro se plaintiff's opposition was due by September 19, 2016. The fully briefed motion was to be filed on ECF by October 17, 2016. A copy of the Electronic Order was mailed to pro se plaintiff at the address listed on the docket sheet.

On July 13, 2016, The New York State Corrections and Community Supervision sent this Court a letter advising that Everett Brown is temporarily absent from the facility. (ECF No. 29.) Plaintiff did not submit an updated address with the Court.

On December 30, 2016, this Court issued a Status Report Order because the fully briefed motion had never been filed. On January 3, 2017, defendants filed the Motion to Dismiss, along with an affidavit of service upon the plaintiff, by mail, of their motion papers on July 13, 2016. (ECF No. 32.) Pro se plaintiff did not serve an opposition or request an extension of time to respond to the motion. Defendants now request that the case be dismissed due to plaintiff's failure to prosecute. (ECF No. 33.) On January 10, 2017, this Court issued an Order directing plaintiff to either (1) file his opposition to defendants motion to dismiss, or (2) indicate by letter to the Court that plaintiff does not wish to file an opposition but still intends to prosecute this lawsuit. (ECF No. 34.) A response was due by January 31, 2017. Plaintiff was warned that failure to comply would result in dismissal of the case for failure to prosecute. On January 17, 2017, The New York State Corrections and Community Supervision responded with a letter advising that Everett Brown is temporarily absent from the facility. (ECF No. 35.) A date when

he would be expected back was not provided. To date, nothing has been filed by the pro se plaintiff since the case was reopened.

Rule 41(b) provides, in pertinent part, "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case sua sponte for lack of prosecution or noncompliance. Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute, including: (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar with protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions. Shannon v. G.E. Co., 186 F.2d 186, 193 (2d Cir. 1999). Generally, no single factor is dispositive. Id.

Plaintiff has already been afforded one opportunity to reopen his case, and was warned of the consequences should be continue to fail to prosecute his case. Correspondence from the Court to plaintiff has been returned as undeliverable because plaintiff failed to keep his address current. Plaintiff has failed to respond to the Court's Order and the defendants' motions to dismiss. The Court warned plaintiff that failure to respond would result in the dismissal of the case. Plaintiff's failure to keep the Court apprised of his address and failure to comply with the Court's Order constitutes grounds for dismissal. Accordingly, plaintiff's claims are dismissed, with prejudice, for failure to prosecute and noncompliance. The Clerk of Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to the plaintiff.

**SO ORDERED.**

Dated: February 13, 2017
Central Islip, New York

                                            /s/ JMA
                                   JOAN M. AZRACK
                                   UNITED STATES DISTRICT JUDGE